IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GERRY MONROE** | § | NO. _____ |
| **Plaintiff** | § | **JURY DEMANDED** |
| v. | § | |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT** | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Gerry Monroe, files this Original Complaint and respectfully asserts as follows:

### I. INTRODUCTION

Gerry Monroe is the rare individual who is willing to speak the unvarnished and unpalatable "truth" to governmental "power."

The governmental "power" to whom Gerry Monroe has spoken the truth—almost daily, passionately, and tirelessly over the past six (6) years—is the Houston Independent School District ("HISD").

The unvarnished and unpalatable "truth" that Mr. Monroe has spoken to HISD is that HISD's Trustees, administrators, and principals have—through both

misfeasance and malfeasance—*failed* to comply with their federal and state constitutional and statutory obligations to educate Houston's poorest children—most of whom are minorities—and have also *failed* to comply with their constitutional and statutory obligations to protect many HISD teachers from discrimination, retaliation, and other violations of their rights.

In retaliation for Gerry Monroe speaking this unpalatable truth to and about HISD, HISD has now moved to silence Gerry Monroe on these and other important matters of public concern—potentially, ***forever***. That is, on April 11, 2019, HISD indefinitely **banned** Gerry Monroe from accessing all of its governmental buildings, public meetings, and public activities—under ***threat of arrest and criminal prosecution for trespass.***

HISD's indefinite ban violates Gerry Monroe's federal constitutional rights to freedom of speech, freedom of association, and to petition the government—all of which are protected under the First and Fourteenth Amendments of the United States Constitution and made actionable under 42 U.S.C. section 1983. Accordingly, Gerry Monroe brings this action to temporarily, preliminarily, and permanently enjoin HISD's violations of his constitutional rights under the First and Fourteenth Amendments of the United States Constitution and for other remedies to which he is justly entitled.

## II. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, in that claims are asserted against HISD under the United States Constitution, as made actionable by 42 U.S.C. section 1983.

2. Venue lies in this District pursuant to 28 U.S.C. § 1391, in that HISD resides in this District.

## III. PARTIES

3. Plaintiff, Gerry Monroe, is an African-American adult male resident of Houston, Texas.

4. Defendant, Houston Independent School District ("HISD"), is a Texas public school district. HISD may be served with process through its Interim Superintendent, Grenita Lathan, 4400 West 18th Street, Houston, Texas 77092.

## IV. FACTS

5. Since 2013, Gerry Monroe has been a tireless and passionate advocate for ensuring that Houston's poor and minority children obtain their Texas constitutional right to "an efficient system of free public schools." *See* Tex. Constitution, Art. 7, sec. 1.

6. Since 2013, Gerry Monroe has also been a tireless, passionate advocate for ensuring that HISD's teachers' federal and state constitutional and statutory rights—including their right to be free from discrimination, retaliation, and other forms of illegal conduct—are protected.

7. Since 2013, Gerry Monroe has also been a tireless, passionate advocate for ensuring HISD's disabled students obtain a "free and appropriate education," as guaranteed under the Individuals With Disabilities in Education Act ("IDEA"), 20 U.S.C. section 1400 *et seq.*

8. To vindicate HISD's poor, minority, and disabled students and its teachers' federal and state constitutional and statutory rights, Gerry Monroe has engaged in speech and speech-protected conduct, including the following:

> a. Regularly attended HISD's monthly Board of Trustees' meetings on HISD property and petitioned the HISD Trustees on important issues affecting HISD students, families, teachers, and the public at large;
>
> b. Regularly attended meetings in HISD administration buildings and on HISD campuses to represent HISD teachers and students who filed grievances against HISD and/or were subjected to disciplinary actions by HISD;
>
> c. Regularly attended meetings with HISD administrators, teachers, and students in HISD administration buildings and on HISD campuses to discuss important issues of concern to HISD students, parents, teachers and the public, including, but not limited to: gangs and violence on HISD campuses; inadequate school libraries; abuse of special education students; incompetent and/or under-performing principals and teachers; and expanding educational programming for students;

and

d. Mentored HISD students on HISD campuses

9. Over the past few years, Gerry Monroe has attended almost every meeting of HISD's Board of Trustees. These meetings are held monthly in the Board Auditorium in HISD's Hattie Mae White Educational Support Center, which is located at 4400 W. 18th Street, Houston, Texas 77092.

10. During these monthly HISD Board of Trustees meetings, Gerry Monroe petitioned HISD's Board of Trustees regarding HISD Board agenda and non-agenda items. These meetings are televised live and carried over the Internet.

11. During his oral presentations at HISD Board of Trustees' meetings, Gerry Monroe frequently alleged that HISD Trustees, administrators, principals and teachers have engaged in illegal conduct, mismanagement, incompetency, and insensitivity with respect to the constitutional and statutory rights of HISD students and teachers.

12. Since approximately 2013, Gerry Monroe has represented over **135** HISD teachers and students in HISD grievance and/or disciplinary proceedings. Gerry Monroe's representation of these HISD teachers and students has included advocating—both orally and in writing—on their behalf with HISD administrators to appeal adverse employment actions against teachers and disciplinary actions

against students.

13. During his representation of HISD students and teachers in HISD disciplinary hearings and grievance proceedings, Gerry Monroe also alleged that HISD Trustees, administrators, and principals have engaged in illegal conduct, mismanagement, incompetency, and insensitivity with respect to the students and teachers' constitutional and statutory rights.

14. As a result of and in retaliation for Gerry Monroe's zealous representation and vigorous speech and speech-related conduct on behalf of HISD students and teachers and in opposition to HISD Trustees, administrators, and principals' misfeasance and malfeasance, HISD Trustees and administrators have now moved to silence Gerry Monroe.

15. Specifically, on or about April 11, 2019, HISD—acting through Eugene Salazar, its Operations Administrative Officer—issued Gerry Monroe written notice that HISD "***banned***" him from entering ***all*** HISD facilities, meetings, and activities ***indefinitely*** under threat of ***arrest and criminal prosecution***. *See* Exhibit A.

16. Specifically, in its April 11, 2019 letter to Gerry Monroe, HISD stated:

> If you attempt to enter any HISD building or attend any HISD activity or meeting, including the HISD regularly scheduled board meetings, you will be considered trespassing under Texas Education Section 31.07 and

Texas Penal Code Section 30.05…
*Id.*

17. In its April 11, 2019 letter to Gerry Monroe, HISD further stated that the "ban" on his entering HISD facilities, meetings, or activities "will remain in place until [Monroe] hear[s] from [Eugene Salazar] otherwise in writing." HISD further stated that, "after the expiration of one calendar year," Monroe could "petition" HISD to "lift" the "ban." *Id.*

18. Since April 11, 2019, Gerry Monroe has not entered any HISD facility or attended any HISD meeting or activity because of his real, imminent fear of being arrested and prosecuted for criminal trespass pursuant to HISD's April 11, 2019 "ban" (Exhibit A).

19. As a result of HISD's April 11, 2019 indefinite "ban," Gerry Monroe was prevented from attending the May 9, 2019 meeting of the HISD Board of Trustees in the Hattie Mae White Educational Support Center and addressing the Board of Trustees on behalf of HISD students, parents, and teachers.

20. As a result of HISD's April 11, 2019 indefinite "ban," Gerry Monroe was prevented from attending other meetings on HISD campuses on behalf of HISD students and teachers in the period since April 11, 2019.

21. As a result of HISD's April 11, 2019 indefinite "ban," Gerry Monroe will be prevented from attending the June 18, 2019 HISD Board of Trustee meeting and addressing the Board on behalf of HISD students, parents, and teachers.

22. HISD's indefinite "ban" on Gerry Monroe entering its facilities, meetings, and activities since April 11, 2019 has irreparably harmed and will continue to irreparably harm Gerry Monroe by placing him in imminent fear and threat of criminal prosecution for attempting to exercise his First Amendment rights to freedom of speech, freedom of association, and petition.

23. HISD's April 11, 2019 indefinite "ban" on Gerry Monroe entering its facilities, meetings, and activities was adopted and implemented under color of state law, including, but not limited to, a custom, policy, practice or usage of HISD.

24. HISD's April 11, 2019 indefinite "ban" on Gerry Monroe entering its facilities, meetings, and activities has caused Gerry Monroe injury, including: monetary damages; damage to his good name and professional reputation; and mental anguish and emotional distress.

25. HISD's April 11, 2019 indefinite "ban" on Gerry Monroe entering its facilities, meetings, and activities constitutes a "prior restraint" on and punishment

for his speech and speech-related conduct.

26. HISD's April 11, 2019 indefinite "ban" on Gerry Monroe entering its facilities, meetings, and activities constitutes viewpoint discrimination.

27. HISD's April 11, 2019 indefinite "ban" on Gerry Monroe entering its facilities, meetings, and activities is not "narrowly tailored" to serve a "compelling" governmental "interest."

## V. CAUSES OF ACTION

Plaintiff, Gerry Monroe, incorporates by reference herein the allegations contained in paragraphs 1 through 27, *supra*, and further asserts as follows:

### FIRST CAUSE OF ACTION

28. HISD has violated Gerry Monroe's right to freedom of speech and non-retaliation for the exercise of freedom of speech under the First and Fourteenth Amendments of the United States Constitution, as made actionable by 42 U.S.C. section 1983.

## SECOND CAUSE OF ACTION

29. HISD has violated Gerry Monroe's right to freedom of association and non-retaliation for the exercise of freedom of association under the Fourth and Fourteenth Amendments of the United States Constitution, as made actionable by 42 U.S.C. section 1983.

## THIRD CAUSE OF ACTION

30. HISD has violated Gerry Monroe's right to petition the government and non-retaliation for the exercise of the right to petition the government under the First and Fourteenth Amendments of the United States Constitution, as made actionable by 42 U.S.C. section 1983.

## VI. RELIEF SOUGHT

Accordingly, Plaintiff, Gerry Monroe, respectfully moves this Honorable Court, after trial by jury, for the following relief:

1. Declaratory Judgment that HISD has violated Gerry Monroe's federal constitutional rights to freedom of speech, freedom of association, and right to petition the government.

2. Temporary restraining order, preliminary injunction, and permanent injunction, enjoining HISD and others acting in concert with it from continuing to

violate his federal constitutional rights to freedom of speech, freedom of association, and right to petition the government.

3. Actual damages;

4. Reasonable attorney's fees, costs, and expenses;

5. Pre-judgment and post-judgment interest; and

6. All other relief, whether at law or in equity, to which he is justly entitled.

Respectfully submitted,

**/s/ Scott Newar**
SCOTT NEWAR
S.D. Tex. Bar Number 19191
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181
E-Mail: newar@newarlaw.com
ATTORNEY-IN-CHARGE
FOR PLAINTIFF, GERRY MONROE