IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERRY MONROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 4:19-CV-01991 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | JUDGE EWING WERLEIN, JR. |

**DEFENDANT HISD'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

Defendant Houston Independent School District ("HISD") submits the following proposed findings of fact and conclusions of law for the Court's consideration. HISD respectfully requests the Court make and enter each finding below following the conclusion of any trial in this matter.

Findings of Fact

1. Mr. Monroe withdrew his jury demand on June 18, 2021 by filing "Plaintiff's Notice of Withdrawal of Jury Demand" (Dkt. 116).

2. Mr. Monroe withdrew any and all claims for money damages on June 22, 2021, by filing "Plaintiff's Notice of Withdrawal of Claim for Monetary Damages" (Dkt. 118).

3. HISD previously provided Mr. Monroe with a letter dated February 13, 2020.  *See* Def. Ex. 22.  In that letter, HISD stated, among other things:

> The July 15, 2019 letter was never intended to be and does not operate as an amendment to existing HISD policies, including HISD Policies BE(LOCAL) and GKA(LEGAL).  Neither HISD management nor the HISD Board of Trustees has taken any action against you based on any language contained in the July 15, 2019 letter, and neither HISD management nor the HISD Board of Trustees will in the future take any action against you based on any language contained in the July 15, 2019 letter.

These statements are true and accurate representations of the facts and of HISD's position.

4. HISD previously provided Mr. Monroe with a letter dated March 10, 2021.  *See* Def. Ex. 23.  In that letter, HISD stated, among other things:

> You will also recall that HISD previously informed you, via the February 13, 2020 letter, that HISD would not take any action against you in the future based on any language in that July 15, 2019 letter. HISD has maintained that same position for more than one year now. To avoid any possible confusion over HISD's position, HISD hereby retracts, vacates, and nullifies the July 15, 2019 letter beginning from the third bullet pointed paragraph starting "With respect to your conduct" and continuing through the conclusion of the letter.

These statements are true and accurate representations of the facts and of HISD's position.

5. HISD has never enforced any provisions of or language set forth in the July 15, 2019 letter against Mr. Monroe.  HISD has never taken any action against Mr. Monroe based upon any language in that letter, and by having

retracted and vacated the letter has shown that it has no plans or intent to do so.

6. HISD has unqualifiedly retracted and withdrawn the portions of the July 15, 2019 letter about which Mr. Monroe complains.

7. The subsequent events described above make clear that the allegedly wrongful behavior HISD is accused of with respect to the July 15, 2019 letter cannot reasonably be expected to recur.

8. Even if the Court had jurisdiction over any issues remaining in the case, Mr. Monroe has not established he has suffered any irreparable injury sufficient to support the relief sought in his most recently proposed form of injunctive relief.

9. Even if the Court had jurisdiction over any issues remaining in the case, Mr. Monroe has not established that the balance of hardships between the parties favors an injunction in a manner that would support the relief sought in his most recently proposed form of injunctive relief.

10. Even if the Court had jurisdiction over any issues remaining in the case, Mr. Monroe has not established that the public interest would not be disserved by an injunction he seeks in his most recently proposed form of injunctive relief.

## Conclusions of Law

1. "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *United States v. Larez-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006).

2. A governmental entity may moot a case by voluntarily ceasing conduct that a claimant asserts is wrongful. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009).

3. HISD is entitled to a "presumption of good faith" with respect to its representations that it will not take any action against Mr. Monroe based on the language in the July 15, 2019 letter. *Sossamon*, 560 F.3d at 325.

4. HISD and Mr. Monroe no longer qualify as adverse parties with sufficient legal interests to maintain this litigation. The case is moot. Accordingly, this Court lacks jurisdiction to entertain the case.

5. This case should be dismissed with prejudice for lack of jurisdiction.

6. "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved

by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

7. Mr. Monroe has not established he is entitled to a permanent injunction, as set out in his most recently proposed form of injunctive relief, under the standard set forth above.

Respectfully submitted,

**BUTLER SNOW, LLP**

By: /s/ Eric J.R. Nichols
    Eric J.R. Nichols
    State Bar No. 14994900
    S.D. Tex. ID No. 13066
    1400 Lavaca Street, Suite 1000
    Austin, Texas 78701
    Telephone: (737) 802-1800
    Facsimile: (737) 802-1801
    eric.nichols@butlersnow.com

    **ATTORNEY-IN-CHARGE**
    **FOR DEFENDANT HISD**

**OF COUNSEL:**
Karson K. Thompson
State Bar No. 24083966
S.D. Tex. ID No. 2878342
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Telephone: (737) 802-1800
Facsimile: (737) 802-1801
karson.thompson@butlersnow.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 25, 2021, I caused a copy of the foregoing to be served upon all counsel through the Court's CM/ECF system.

                                        /s/ Eric J.R. Nichols
                                        Eric J.R. Nichols