**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GERRY MONROE** | § | **NO.  4:19-cv-01991** |
| | § | |
| | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HOUSTON INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| | § | |
| **Defendant** | § | |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiff, Gerry Monroe, files this Motion for Attorneys' Fees, Costs, And

Expenses and respectfully asserts as follows:

## I. INTRODUCTION

Plaintiff, Gerry Monroe, prevailed in this First Amendment lawsuit by

obtaining a preliminary injunction enjoining HISD from removing or barring him

from its premises because he engaged in "derogatory" speech, "name-calling," or

similar speech about its Trustees and employees. As the prevailing party, Mr.

Monroe now moves this Court, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54,

to award his attorneys—Scott Newar and Dennis Herlong—reasonable attorneys'

fees, costs, and litigation expenses.

## II.  Mr. Monroe Is Entitled To His Reasonable Attorneys' Fees

### A.    Gerry Monroe Is The "Prevailing Party"

A "prevailing party" in First Amendment litigation under 42 U.S.C. section 1983 is entitled to "a reasonable attorney's fee as part of the costs." *See* 42 U.S.C. section 1988. A plaintiff is deemed the "prevailing party" if he "succeed[s] on a significant issue that achieves some of the benefit the plaintiff sought in bringing suit." *See*, e.g., *Farrar v. Hobby*, 113 S.Ct. 566, 572 (1992). A "prevailing party" must effect change in the legal relationship between himself and the defendant. *Id.* at 572-573.

Indisputably, Gerry Monroe is the "prevailing party" in this litigation. He succeeded on a significant issue that achieved substantially all of the relief he sought in bringing this lawsuit. Moreover, through this lawsuit, he has effectuated a change in the legal relationship between himself and HISD.

More specifically, on April 11, 2019, HISD *indefinitely* banned Mr. Monroe from *all* of its facilities and property.

On June 3, 2019, Mr. Monroe filed this lawsuit to force HISD to retract that indefinite ban, contending the ban violated his First Amendment rights to petition, freedom of speech, and freedom of association. *See* Dkts. 1, 3.

On July 10, 2019—the day before this Court held a hearing on Mr. Monroe's Motion for Preliminary Injunction, which sought to enjoin the April 11, 2019 indefinite ban—HISD *retracted* the indefinite portion of the ban and *withdrew* its categorical ban on Mr. Monroe accessing its property.

Yet, HISD maintained its ban against Mr. Monroe speaking at its Board meetings through December 31, 2019 and simultaneously barred Mr. Monroe from *ever* engaging in "derogatory" speech/expression, "name-calling," and similar speech/expression against HISD Trustees and employees on HISD property.

After the Fifth Circuit overturned this Court's denial of Mr. Monroe's Motion for Preliminary Injunction, this Court preliminarily enjoined HISD's July 15, 2019 content-based speech restrictions on Mr. Monroe's "derogatory" speech.[1]   *See* Dkt. 82. This Court's preliminary injunction remained in effect until August 4, 2021, when—after a trial on the merits—this Court vacated it, concluding HISD had mooted its unconstitutional conduct in response to the preliminary injunction. *See* Dkt. 129.

This Court's December 11, 2019 preliminary injunction—which, this Court found, caused HISD to moot its content-based restrictions on Mr. Monroe's speech—

---

[1] In response to this Court's directive on July 11, 2019, HISD revised the July 10, 2019 ban on July 15, 2019, to remove any reference to the parties' prior *in camera* settlement discussions. The July 15, 2019 ban and the July 10, 2019 ban are otherwise verbatim. For continuity purposes, this Motion will refer to both as the "July 15, 2019" ban.

makes Mr. Monroe the "prevailing party" in this action. *See Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008). Indeed, citing *Dearmore*, this Court has indicated that Mr. Monroe is the "prevailing party." *See* Dkt. 129, at 22 ("A reasonable fee appears to be available in this case, which HISD mooted after Monroe obtained a preliminary injunction…").

### B.    The *Johnson* Factors

As the "prevailing party," Mr. Monroe is entitled to attorneys' fees calculated using the traditional "lodestar" method: that is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate." *LULAC v. Roscoe ISD*, 119 F.3d 1228, 1222 (5th Cir. 1997). In determining the reasonable hours and the reasonable hourly rate, the Court must consider the factors delineated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

This Motion will now address the *Johnson* factors.

### 1.  Time And Labor Involved.

As this Court's docket sheet (Exhibit A), the Fifth Circuit's docket sheet (Exhibit B), and the contemporaneous time records of Scott Newar (Exhibit C) and Dennis Herlong (Exhibit D) reflect, both Mr. Newar and Mr. Herlong performed extensive work on this case. That work includes—but is not limited to—the following:

4

1. Pre-suit investigation, including interviewing Mr. Monroe; reviewing HISD's video recordings of the April 11, 2019 Board of Trustees meeting and prior meetings; reviewing HISD's communications with Mr. Monroe and the latter's first attorney regarding the April 11, 2019 ban; researching HISD's policies and procedures; and locating and interviewing potential witnesses;

2. Researching, drafting, and filing the Original Complaint (Dkt. 1), First Amended Complaint (Dkt. 3), and Second Amended Complaint (Dkt. 63)

3. Researching and drafting Plaintiff's Motion for Preliminary Injunction (Dkt. 4); Plaintiff's Motion for Expedited Discovery (Dkt. 5); and Plaintiff's Memorandum In Support Of Motion For Preliminary Injunction (Dkt. 9)

4. Preparing for and representing Mr. Monroe at the July 11, 2019  hearing on Plaintiff's Motion for Preliminary Injunction (Dkt. 34);

5. Researching and drafting Mr. Monroe's 5th Circuit appeal of this Court's Memorandum And Order denying his Motion for Preliminary Injunction (Dkt. 41);

6. Researching and drafting Mr. Monroe's Fifth Circuit Appellant's Brief and Reply Brief;

7. Preparing for and representing Mr. Monroe in the Fifth Circuit's November 5, 2019 oral argument;

8. Researching and drafting Plaintiff's Second Amended Motion for Preliminary Injunction (Dkt. 67) and related pleadings;

9. Preparing for and representing Mr. Monroe in the December 10, 2019 hearing on Plaintiff's Second Amended Motion for Preliminary Injunction (Dkt. 81);

10. Researching and drafting Plaintiff's Motion For Partial Summary Judgment (Dkt. 92) and Reply to HISD's Response to that motion (Dkt. 96);

11. Researching and drafting Plaintiff's Response to HISD's Motion for Summary Judgment (Dkt. 98);

12. Researching and drafting the Joint Pre-Trial Order (Dkt. 120) and related pleadings, including Plaintiff's Trial Memorandum (Dkt. 120-3) and Plaintiff's Proposed Findings Of Fact And Conclusions Of Law (Dkt. 120-4);

13. Preparing for and representing Mr. Monroe at the July 16, 2021 trial on the merits (Dkt. 123);

14. Researching and drafting post-trial Supplemental Authorities (Dkt. 127);

15. Engaging in extensive communications with HISD's counsel designed to resolve this case before Mr. Monroe filed suit; before the July 11, 2019 hearing on Plaintiff's Motion for Preliminary Injunction; after the Fifth Circuit remanded this Court's denial of the Plaintiff's Motion for Preliminary Injunction; after this Court granted, in part, Mr. Monroe's Second Amended Motion for Preliminary Injunction; and before the trial on the merits; and

16. Researching and drafting the instant Motion[2]

*See* Civil Docket for *Gerry Monroe v. Houston Independent School District*, No. 4:19-cv-01991 (Exhibit A); Fifth Circuit docket sheet for *Gerry Monroe v. Houston Independent School District*, No. 19-20514 (Exhibit B); Declaration of Scott Newar (Exhibit C), at Exhibit 1; Declaration of Dennis Herlong (Exhibit D), at para. 4 and at Exhibit 1

As Mr. Newar's billing records attest, he has, to date, expended 569.25 hours on this litigation. *See* Declaration of Scott Newar (Exhibit C), at Exhibit 1. To date, Mr. Herlong has expended 46.50 hours on this litigation. *See* Declaration of Dennis

---

[2] *See Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) ("It is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing

6

Herlong (Exhibit D), at Exhibit 1. These hours were not only reasonable but necessary to achieving the substantial results that Mr. Monroe achieved. *See* Declaration of David A. Kahne (Exhibit E), at paras. 17.

However, in the exercise of billing judgment, Mr. Newar does not seek compensation for time that could be considered unproductive. This includes approximately 15.75 hours he expended researching, drafting, and filing Plaintiff's Motion To Certify For Interlocutory Appeal this Court's denial of his Motion for Summary Judgment (Dkt. 113) and related pleadings. *See* Declaration of Scott Newar (Exhibit C) at para. 31. In a further exercise of billing judgment, Mr. Newar has reduced his time—across-the-board—by an additional five percent (5%). *Id*, at para. 33.

### 2. Novelty And Difficulty Of The Legal Questions

This case presented difficult—and, in the Southern District of Texas, novel—issues regarding the constitutionality of a governmental entity's attempt to ban/censor a community activist who makes derogatory and other offensive remarks to and about governmental officials and employees on its property. It was made even more difficult by the fact that HISD repeatedly altered its ban/censorship of Mr. Monroe during the lawsuit, which forced Mr. Monroe's counsel to litigate against a constantly

compensation.").

"moving target." *See* Declaration of David A. Kahne (Exhibit E), at para. 21.

### 3. Skill Required To Properly Perform The Legal Service

As a result, a very high degree of legal skill was required to effectively litigate this case. *See* Declaration of David A. Kahne (Exhibit E), at paras. 18-22, 25-27; Declaration of Dennis Herlong (Exhibit D), at para. 7.

This is especially true because HISD was represented by highly experienced counsel from a large national law firm (Butler Snow). By contrast, Mr. Newar and Mr. Herlong are solo practitioners.

### 4. Preclusion of Other Employment

As solo practitioners, Mr. Newar and Mr. Herlong are extremely limited in the time and resources they may expend on any case. *See* Declaration of Scott Newar (Exhibit C), at para. 33; Declaration of Dennis Herlong (Exhibit D), at para. 9. Mr. Newar—who researched and drafted all briefs and pleadings in this Court and in the Fifth Circuit, examined all witnesses at the two preliminary injunction hearings and the trial on the merits, and argued the Fifth Circuit appeal—was particularly constrained in working on other matters during the two week period preceding the two preliminary injunction hearings, the trial on the merits, and the Fifth Circuit appeal. *See* Declaration of Scott Newar (Exhibit C), at para. 33.

### 5. Customary Fee

A reasonable hourly rate should accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant legal community is the one in which the district court sits. *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002).

The hourly rate requested for Mr. Newar and Mr. Herlong ($500.00 per hour) is *below* the rates customarily charged by attorneys of comparable skill, experience and reputation practicing federal civil litigation in the United States District Court for Southern District of Texas, Houston Division in 2019-2021. *See Worrell v. Houston Can! Academy*, 287 Fed.Appx. 320 (5th Cir. 2008) (affirming attorney's fee award of $500.00 per hour as "market rate" in the Southern District of Texas in **2008**); *Simicek v. Wells Fargo Bank, N.A.*, No. 4:12-cv-1545, at *13 (S.D. Tex. Sep. 26, 2013) (Werlein, J.) (awarding $400.00/hour rate to a partner-level attorney with approximately 11 years' experience in **2013**).

For example, in a 2019 civil rights lawsuit, a sister Southern District of Texas court (Rosenthal, J.) upheld hourly rates of $550.00/hour-$600.00/hour for numerous civil rights attorneys with substantially less litigation experience than Mr. Newar and Mr. Herlong. *See Maranda Lynn ODonnell v. Harris County, Texas*, No. 4:16-cv-

1414 (S.D. Tex. September 5, 2019), at Dkt. 651, at 44-45, citing Dkt. 618-6 (Declaration of Craig Smyser), at 7.

In addition to the community rates, this Court must also consider Mr. Newar and Mr. Herlong's customary rates. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). Mr. Newar and Mr. Herlong customarily charge fee-paying clients $500.00 per hour and have done so for many years. *See* Declaration of Scott Newar (Exhibit C), at para. 14; Declaration of Dennis Herlong (Exhibit D), at para. 6.

In December 2016, the 152nd District Court in Harris County, Texas found that Mr. Newar and Mr. Herlong's customary rate of $500.00 per hour was reasonable in an employment discrimination/retaliation case under Tex. Labor Code section 21.001 *et seq*. The Fourteenth Court of Appeals affirmed that hourly rate. *See Cathryn Davis v. Apache Corporation*, No. 23898, aff'd 573 S.W.3d 475 (Tex. App. Houston [14th Dist.], April 23, 2019), rev'd on other grounds, 2021 WL 26038214 (Tex. June 25, 2021).

### 6. Contingent Fee

Mr. Newar and Mr. Herlong's compensation in this matter is completely contingent. *See* Declaration of Scott Newar (Exhibit C), at paras. 23-25; Declaration of Dennis Herlong (Exhibit D), at para. 8 Therefore, neither Mr. Newar nor Mr.

Herlong will receive any compensation for their work unless this Court awards attorneys' fees. *Id.*

### 7. Time Limitations

This case—which has already taken over two years—imposed significant time constraints on Mr. Newar's solo law practice especially. *See* Declaration of Scott Newar (Exhibit C), at para. 33.

### 8. Results Obtained

As detailed above, Mr. Monroe has obtained virtually all of the relief he sought in bringing this lawsuit.

### 9.  Newar And Herlong's Legal Experience

As their Declarations attest, both Mr. Newar and Mr. Herlong are highly experienced civil litigators. *See* Declaration of Scott Newar (Exhibit C), at paras. 11-12; Declaration of Dennis Herlong (Exhibit D), at para. 7.

Mr. Newar, in particular, has extensive experience litigating First Amendment cases on behalf of individuals. *See* Declaration of Scott Newar (Exhibit C), at paras. 12-13.

### 10. Undesirability of the Case

This case was extremely undesirable to the private bar: It involved a powerful governmental entity's efforts to silence a controversial low-income community

activist who has limited financial resources. *See* Declaration of David A. Kahne (Exhibit E), at paras. 23-24. This case is the prototype for why Congress enacted 42 U.S.C. section 1988: to incentivize private practitioners to serve as "private attorneys general" in defense of the Constitution. *See Hopwood v. Texas*, 236 F.3d 256, 278 (5th Cir. 2000) (cleaned up) ("Section 1988 is a tool that ensures the vindication of important rights, even when large sums of money are not at stake, by making attorney's fees available under a private attorney general theory.").

### 11. Professional Relationship With Monroe

Neither Mr. Newar nor Mr. Herlong previously represented Mr. Monroe. *See* Declaration of Scott Newar (Exhibit A), at para. 26.

### 12. Awards in similar cases

The requested fee award is in line with attorneys' fees awards in similar cases.

For example, in *Millennium Restaurants Group, Inc. v. City of Dallas*, No. 3-01-CV-0857-G (N.D. Tex. May. 1, 2002)—a First Amendment challenge to a sexually oriented business ordinance—the Northern District of Texas (Fish, J.; Kaplan, Mag. J.) found that plaintiffs' counsel reasonably expended ***570.2 hours*** in ***one year*** of litigation. *Id.*, at Dkts. 77, 83. Here, Mr. Monroe's counsel expended approximately the same amount of time in over ***two years*** of litigation; unlike

*Millennium*, their work included an interlocutory Fifth Circuit appeal and a Fifth Circuit oral argument.

### 13. Upward Adjustment of The Lodestar Is Warranted

The lodestar amount may be adjusted up or down to ensure that the award is reasonable. See *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). Based on the relief he obtained in the face of HISD's long-running, aggressive defense of its unconstitutional conduct and the need to incentivize other private practitioners to accept such cases, Mr. Monroe respectfully submits that a 25% upward adjustment of the lodestar amount is warranted.

## III.   Mr. Monroe Is Entitled To His Reasonable Out-Of-Pocket Expenses

As the "prevailing party," Mr. Monroe is also entitled to recover his reasonable out-of-pocket expenses. *See Associated Builders Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990) ("All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client.").

Mr. Monroe seeks reimbursement for the time that Mr. Newar's paralegal, Candice O'Brien, expended during the two years of litigation. *See* Declaration of Scott Newar (Exhibit C), at paras. 18-23 and Exhibit 1. In the exercise of billing

judgment, Mr. Monroe does not seek reimbursement for other substantial case-related expenses, including legal research expenses; travel expenses incurred in connection with the Fifth Circuit oral argument in New Orleans; and copying costs. *Id.*, at para. 32.

## IV. Mr. Monroe Is Entitled To Taxable Costs

As the "prevailing party," Mr. Monroe is also entitled to recover his taxable costs. See FED. R. CIV. P. 54(d). Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. See 28 U.S.C. section 1920.

Upon the entry of Final Judgment, Mr. Monroe will file a Bill of Costs to recover his filing fees; deposition transcript fees; transcript fees for proceedings in this Court; and witness subpoena fees.

## V. CONCUSION

In sum, Plaintiff, Gerry Monroe, respectfully requests this Court award him the following amounts in reasonable attorneys' fees and litigation expenses:

**Attorneys' Fees: $357,703.13**

Scott Newar:  $262,912.50[3]

---

[3]This amount reflects 553.5 hours at the rate of $500.00/hour ($276,750) less a 5% reduction

Dennis Herlong: $23,250.00

25% upward lodestar adjustment: $71,540.63

**Litigation Expenses (excluding taxable costs): $17,725.00**

For the foregoing reasons, Plaintiff, Gerry Monroe, respectfully requests this Court grant this Motion for Attorneys' Fees, Costs, And Expenses and award him all other relief to which he is justly entitled.

Respectfully submitted,

/s/ **Scott Newar**
SCOTT NEWAR
State Bar Number 14940900
440 Louisiana, Suite 900
Houston, Texas 77002
(713) 226-7950
(713) 226-7181 (Fax)
E-mail: newar@newarlaw.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF

---

($13,837.50).

**OF COUNSEL**

DENNIS HERLONG
State Bar Number  09510500
440 Louisiana, Suite 900
Houston,  Texas 77002
(713) 228-9222 (Telephone)
(713) 228-9255 (Fax)
E-mail: lawfirm@dennisherlong.com

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 17, 2021, I conferred with HISD's counsel, Eric Nichols, regarding this motion. Mr. Nichols advised me that HISD is opposed to the relief sought in this motion.

**/s/ Scott Newar**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 3, 2021, I served this pleading on HISD, through its attorneys of record, Eric Nichols and Karson Thompson, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

**/s/ Scott Newar**