**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GERRY MONROE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. H-19-1991 |
| | § | |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant | § | |

**DECLARATION OF DAVID KAHNE
<u>IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES</u>**

I, David A. Kahne, make the following sworn declaration pursuant to 28 U.S.C. 1746, based on personal knowledge (except as otherwise stated) in support of Plaintiff's Motion for Attorney Fees, Costs, and Expenses in the above-captioned case.

<u>**QUALIFICATIONS**</u>

1.      I have been a lawyer for more than three decades. Starting in Pennsylvania (1987), then in Texas (1994), I always have been licensed and practicing law. Most of my practice has been in Texas, based in Houston, for the past quarter century.

2.      Throughout my career, I have been continuously active as a civil litigator, in federal as well as state courts.  From 1987 until 1994, I worked primarily on complex litigation for businesses and individuals, including matters of constitutional law and civil rights, as well as commercial class actions (including antitrust) and other high stakes litigation. Since moving to Texas, I have continued to bring constitutional law cases, with an expanded focus on protecting property rights and civil liberties.

3.     I have been a member in good standing of the Bar of the Southern District of Texas sine 1994. I also have for many years been a member of the Bar of the United States Supreme Court, the United States Court of Appeals for the Fifth Circuit, and other districts across Texas. My resume is attached as Exhibit A.

**Education & Clerkships**

4.     I graduated from Harvard Law School (*cum laude*, 1984). While there, I served as an editor of the <u>Harvard Journal on Legislation</u> and Director of the Legislative Research Bureau.

5.     From 1984 to 1985, I clerked for the Honorable Alan B. Handler, Justice of the New Jersey Supreme Court (the highest Court of that state).

6.     From 1985 to 1987, I clerked for the Honorable John P. Fullam, Chief Judge of the United States District Court for the Eastern District of Pennsylvania.

**Private Practice**

7.     From 1987 until 1994, while working at the law firm then known as Fine, Kaplan & Black, much of my work comprised commercial class actions. For example, I served as co-lead counsel in *Sutton and Levy v. Pennsylvania Blue Shield et al.*, in which the court approved the $3.7 million attorney fees payment and expressly found the "quality of plaintiffs' counsel's effort was extraordinarily good." 1994 U.S. Dist. LEXIS 7512 (E.D.Pa.) at *23. My practice also included significant constitutional litigation.  *E.g., Alliance for the Mentally Ill v. White*, 90-6389 (E.D.Pa.) (lead counsel, ending rationing of clozapine, a drug singularly useful to treat persons with schizophrenia, in Pennsylvania mental hospitals); *Gentry v. City of Philadelphia*, 91-09-5805 (C.C.P. Pa.) (enforced rights for commercial free speech).

8.     Upon moving to Houston, from 1994 to 1998, I served as the Legal Director for the Clark Read Civil Liberties Foundation, bringing multiple constitutional law and statutory

claims. *E.g.*, *Brentwood Economic Community Development Corporation v. City of Houston*, H-95-0168 (S.D.Tex.) (representing Brentwood Baptist Church to obtain more than $600,000 for the construction of permanent housing and social services).

9.      Since 2006, my practice has expanded in the protection of real property rights, often using constitutional law. For example, in *White v. Jefferson County Drainage District*, 07-181 (E.D.Tex.), I developed constitutional law (freedom of speech) claims for three ranch owners who had been sued personally, for millions of dollars, after they protested government action that threatened their property; they prevailed in the resulting settlement that secured both improvements in the government plans and recovery of their attorney fees.

10.     My practice also includes the representation of homeowners in disputes with association and condominium boards. That began when I presented constitutional as well as statutory claims for Geneva Kirk Brooks, securing her rights to protest against increases in assessments, increases that the Texas Supreme Court ultimately held were unlawful. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158 (Tex. 2004) (lead counsel). Free speech protection is often required in my cases to secure homeowner rights. *See also, e.g., Windsor Village Civic Club, Inc. v. Lucas*, No. 2018-19940 (129th Dist., Harris County) (lead counsel, successful defense of homeowner's freedom to criticize her Civic Club, using Texas' anti-SLAPP statute).

11.     In addition to First Amendment rights, I have used principles of due process and equal protection in cases to protect large land owners, small businesses, owners of multi-family apartments, and individuals victimized of government overreach. These can be complex cases.

**Non-Profit Activities**

12.     I also have experience with non-profit organizations actively engaged in the protection of First Amendment rights. Currently, since 2013, I have been a director on the Board

3

of the Freedom of Information Foundation of Texas ("FOIFT"), where I have served on its Legislative Committee and reviewed many briefs submitted on its behalf. FOIFT often asserts First Amendment principles in litigation, with briefs written by lawyers who represent members of the press in their private practices, paid on an hourly basis. Previously, from 1998 until 2006, I served on the Board of Directors of the American Civil Liberties Union ("ACLU") of Texas, and on its legal committee. I chaired the ACLU Statewide legal committee from 2000 until 2004. In both of these capacities, I have reviewed and discussed litigation with some of the leading litigators in Texas who assert First Amendment claims.

**BASES FOR MY OPINIONS**

13.     Based on my above-described experience in and around the Southern District of Texas, conversations with skilled lawyers, and study of attorney fee decisions, periodic attorney fees surveys, and attorney fee testimony, I know about usual and customary rates for this type of litigation in this District. Those rates typically reflect the experience and skill of the attorneys involved, as well as the complexity of the matter. From this I also know other considerations relevant to determine whether attorney fees are reasonable, mostly the amount of time reasonably required, which depends on the facts and law in dispute. See 42 U.S.C. 1988.

14.     I am familiar with the legal work of Mr. Newar, as one of very few lawyers in this area who regularly bring contingent fee cases to enforce First Amendment rights. Due to my professional interest, I have read some of Mr. Newar's briefs in other cases, as well as briefs in this case, and I have participated in moot court appellate arguments with Mr. Newar (though not on this case). I have no economic interest in common with Mr. Newar, nor any in this case.

15.     I also have reviewed opinions by this Court and the Fifth Circuit Court of Appeals, the fee petition, and time records supplied by Mr. Newar (attached as Exhibit B).

## OPINIONS

16.     For Mr. Newar's work in this case, $500 per hour is a reasonable hourly rate.

17.     For the tasks shown as being done on his records (in Exhibit B), the time spent by Mr. Newar is reasonable.

### This case required a skilled lawyer with particular expertise.

18.     My experience confirms the extraordinary difficulties that frequently arise in First Amendment litigation. Many constitutional cases have the potential to be difficult.  First Amendment cases, even when a client is popular, frequently involve complex and extended proceedings. A skilled lawyer if required, and that is even more true for contentious clients, as appears to be the case here.

19.     The doctrinal complexity of this case is reflected in decisions by this Court, and the Court of Appeals for the Fifth Circuit. There were multiple close and difficult questions and, after careful analysis, against the backdrop of evolving First Amendment law, this Court initially ruled against Plaintiff. It was by no means clear that Plaintiff would win anything.

20.     Factually, this case likewise presented significant challenges. This Court's initial opinion highlighted statements by Plaintiff that, while ultimately found to be protected speech, were aggressive and near the border of an active threat. It was by no means a certainty that the Court of Appeals would find Plaintiff had rights notwithstanding what he said.

21.     The case also involved procedural complexities, due to several changes of position by Houston Independent School District ("Houston ISD"). A moving target is hard to hit. Counsel needed attentive application of law to fact to obtain the preliminary injunction.

22.     Moreover, Houston ISD persistently and skillfully advocated for its position. All this means that a skilled lawyer was required to prevail by concisely presenting facts and law.

5

**It is difficult to locate qualified counsel for such contingent fee cases.**

23.      To secure free speech rights requires highly skilled and dedicated counsel for two important reasons.  First, the complexity and length of cases makes them difficult, as described above.  Second, the importance of protecting these freedoms requires that the issues be presented well.  Individual cases frequently have impact beyond the parties named in the case.

24.      Corporations that publish news can afford to pay hourly rates for skilled counsel. Individuals typically cannot, and it is difficult to locate skilled lawyers who will take a case such as this on a fully contingent fee basis. Lawyers who represent the media, and would be qualified to take on such a case, frequently will not do so, in part to avoid becoming part of the news that their clients cover. I am aware that hourly rates are not to be increased because a case is taken on a contingent fee basis, but lawyers who take such cases should be compensated at rates akin to those paid on an hourly basis.

**Mr. Newar's work product is excellent.**

25.      Mr. Newar's experience puts him in a rare class of Texas lawyers, those who have won multiple cases enforcing First Amendment rights. His briefs reflect excellent work.

26.      Mr. Newar ultimately secured the changed practices sought by his client, after obtaining some interim changes along the way. Given the uncertain, developing state of the law, and some difficult facts, this is a tribute to Mr. Newar's skill.

27.      Accordingly, I conclude that $500 per hour is a reasonable hourly rate for Mr. Newar. I also conclude that the amount of time he worked on tasks in this case is reasonable.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 3, 2021.

/s/ David A. Kahne

# EXHIBIT

# A

# LAW OFFICE OF DAVID A. KAHNE

P.O. Box 66386 • Houston, Texas 77266 • 713-652-3996 • davidakahne@gmail.com

## RESUME OF DAVID A. KAHNE

### Professional

| | | |
|---|---|---|
| 1994- | LAW OFFICE OF DAVID A. KAHNE<br>civil litigation, focusing on civil and property rights,<br>and counselor to community groups on related issues | Houston, TX |
| 1994-98 | CLARK READ CIVIL LIBERTIES FOUNDATION, INC.<br>legal director, litigating civil rights and civil liberties cases,<br>and counselor to community groups on related issues | Houston, TX |
| 1987-94 | FINE, KAPLAN AND BLACK<br>civil litigation, including plaintiffs' class actions, with<br>independent civil rights and civil liberties practice | Philadelphia, PA |
| 1987-94 | COMMITTEE FOR DIGNITY AND FAIRNESS FOR<br>THE HOMELESS HOUSING DEVELOPMENT, INC.<br>general counsel to non-profit developer of housing and<br>provider of services for 125 formerly homeless families | Philadelphia, PA |

### Law Clerk

| | | |
|---|---|---|
| 1985-87 | CHIEF JUDGE FULLAM, U.S. District Court | Philadelphia, PA |
| 1984-85 | JUSTICE HANDLER, New Jersey Supreme Court | Trenton, NJ |

### Education

| | | |
|---|---|---|
| 1981-84 | HARVARD LAW SCHOOL, J.D. *cum laude*<br>editor, Harvard Journal on Legislation<br>director, Legislative Research Bureau | Cambridge, MA |
| 1977-80 | HARVARD COLLEGE, A.B. *summa cum laude*<br>degree in applied mathematics<br>Phi Beta Kappa and John Harvard Scholar | Cambridge, MA |
| 1976-77 | MASSACHUSETTS INSTITUTE OF TECHNOLOGY<br>matriculated, then transferred to Harvard | Cambridge, MA |

September 2021

# EXHIBIT

# B

*Scott Newar, Attorney at Law*                                             September 3, 2021

440 Louisiana, Suite 900
Houston, Texas 77002
Ph. 713-226-7950          Fax: 713-226-7181

*Gerry Monroe v. Houston Independent School District, No. 4:19-cv-1991*

| Date | Description | Hours | Amount | Billed |
|------|-------------|-------|--------|--------|
| 5/22/2019 | T/C w/Gerry Monroe; emails to/from Monroe; review of case documents | 0.5 | | $250.00 |
| 5/23/2019 | Review of video of 4/11/19 Board meeting; emails to/from GM | 0.5 | | $250.00 |
| 5/24/2019 | Emails to/from GM (re: witnesses) | 0.25 | | $125.00 |
| 5/28/2019 | Review of GM case summary; email to/from GM (re: case summary) | 0.75 | | $375.00 |
| 6/1/2019 | Legal research  (case law) re: HISD constitutional violations and review of HISD Board meeting policies/procedures/videos | 6.5 | | $3,250.00 |
| 6/2/2019 | Legal research (case law) re: HISD constitutional violations and draft lawsuit | 7.25 | | $3,625.00 |
| 6/3/2019 | Revise and file lawsuit; draft and email representation agreement; T/C w/Monroe (re: rep agreement; explained expense issue) | 4.5 | | $2,250.00 |
| 6/4/2019 | T/C w/Cecilia Edwards; T/Cs w/Monroe; Research, draft, file First Amended Complaint | 3 | | $1,500.00 |
| 6/5/2019 | Research/Draft letter to HISD counsel re: TRO/PI; review Harrington correspondence w/Hutchins-Taylor | 1.5 | | $750.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 6/6/2019 | Review of videotapes of HISD Board meetings | 1.75 | $875.00 |
| 6/7/2019 | Review of HISD board meeting videos; mtg. w/GM (Starbuck's: 2.0); review of Nichols' letter; T/C w/GM (re: Nichols letter): | 3.5 | $1,750.00 |
| 6/8/2019 | Email to Nichols | 0.1 | $50.00 |
| 6/9/2019 | Legal research re: TRO/PI and "prior restraint" | 4.5 | $2,250.00 |
| 6/12/2019 | Prep. For hearing with Court re: expedited PI/expedited discovery; hearing w/Court (re: expedited hearing/discovery); T/C w/GM (re: status) | 2.5 | $1,250.00 |
| 6/15/2019 | Research/draft PI Memorandum; draft witness subpoenas | 6.5 | $3,250.00 |
| 6/16/2019 | Research/draft Memorandum re: PI | 7.5 | $3,750.00 |
| 6/17/2019 | Research/draft Memorandum re: PI; Review D's discovery responses; emails to Nichols/Karson (re: Interrog response; service; motion to exceed page limits | 10 | $5,000.00 |
| 6/18/2019 | Draft/Edit P.I. Memorandum; draft Motion To Exceed Page Limits; emails to/from Nichols (re: motion to exceed); review of court Order denying Motion To Exceed Page Limits; review of Court's internal procedures re: briefs; review of Court's decisions re: motions to exceed page limits; mtg. w/paralegal (O'Brien) to discuss hearing preparation; T/C w/GM re: amended Memorandum; draft Amended Memorandum; T/C w/Rhonda Booker (witness); T/C w/counsel (Gary from Dallas) re: Werlein trial techniques/requirements; research re: exhaustion of administrative remedies under section 1983 | 8.5 | $4,250.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 6/19/2019 | revise Amended P.I. Memorandum; T/C s w/paralegal (re: Amended Memorandum); T/C w/Monroe (re: subpoena status); T/C w/HPD re: Chief Finner | 4.75 | $2,375.00 |
| 6/21/2019 | Review D's Response to Interrogatories; emails to/from Karson Thompson (re: D's Interrogatory Response and re: D's proposed stipulations); review D's P.I. Memorandum; Research and draft response to D's PI Memorandum | 8.75 | $4,375.00 |
| 6/22/2019 | Research and draft Response to HISD's PI Memorandum | 10.25 | $5,125.00 |
| 6/23/2019 | Draft direct examinations of GM; mtg. w/GM (@ Carl's Jr.; review and prepare for Direct examination); draft cross-examination of HISD | 12 | $6,000.00 |
| 6/24/2019 | Preparation for PI hearing (draft Witness List; draft Exhibit List; review D's Exhibit and Witness Lists; meet w/paralegal to organize exhibits; draft Cross-Examination of HISD witnesses; revise direct exam of GM, Trinh, McKinzie, Boykins; attend P.I. hearing (mtg. in chambers w/Court); post-hearing mtg. w/GM and T/C re: status | 10 | $5,000.00 |
| 6/27/2019 | Receipt/review HISD's settlement proposal; email to GM; T/C w/GM | 0.75 | $375.00 |
| 6/28/2019 | Emails to/from Nichols (re: HISD settlement offer; supplemental Interrogatories) | 1.25 | $625.00 |
| 6/30/2019 | Confer with GM re: HISD settlement proposal; draft counter-proposal and email to Nichols | 3 | $1,500.00 |
| 7/2/2019 | Preparation for and hearing before Mag. Stacy (re: expedited discovery) | 1 | $500.00 |
| 7/8/2019 | Draft/File Amended Exhibit List | 0.5 | $250.00 |

| | | | |
|---|---|---|---|
| 7/9/2019 | Preparation for 7/11/19 hearing (T/C w/Sara Selber; T/C w/Larry McKinzie; review McKinzie video of 4/24/18 Board meeting; draft/file First Amended Exhibit/Witness lists; review D's supplemental response to Interrogatories; emails to Nichols; draft/revise direct/cross examinations) | 10.5 | $5,250.00 |
| 7/10/2019 | Preparation for 7/11/19 hearing (review D's 7/10 letter to Monroe; T/Cs w/Monroe re: 7/10/19 letter; T/C w/Dennis Herlong re: 7/10/19 letter; legal research re: 7/10/19 letter; draft/revise  direct/cross-examinations; Review D's amended exhibit/witness lists) | 11.25 | $5,625.00 |
| 7/11/2019 | Preparation for P.I. hearing; P.I. Hearing; post-hearing conversation with client/DH | 14.5 | $7,250.00 |
| 7/15/2019 | Review D's post-hearing filing; research/draft Post-Hearing Memorandum | 3.5 | $1,750.00 |
| 7/18/2019 | Research/draft Addendum to Post-Hearing Memorandum; email to Judge Werlein's Case Manager (re: Addendum filing) | 1.5 | $750.00 |
| 7/19/2019 | Review of Memorandum and Order; research re: appeal; TC w/GM (re: status/appeal) | 2.5 | $1,250.00 |
| 7/20/2019 | Research re: appeal; draft notice of appeal; Emails to/from DH (re: appeal) | 9 | $4,500.00 |
| 7/21/2019 | Research re: appeal | 1.25 | $625.00 |
| 7/22/2019 | Research re: 5th Cir. Local Rule re: motion to expedite appeal; Email to Nichols (re: expedited appeal) | 0.3 | $150.00 |
| 7/23/2019 | Legal research re: Supreme Court cases re: content/viewpoint discrimination | 1 | $500.00 |
| 7/24/2019 | Draft Motion for Expedited Appeal | 3.75 | $1,875.00 |
| 8/2/2019 | Review D's Response to Motion for Expedited Appeal | 0.75 | $375.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 8/4/2019 | Research/draft Reply to Response to Mot Exped Appeal | 3.25 | $1,625.00 |
| 8/5/2019 | Revised Reply to Response to Mot Exped Appeal and file | 0.5 | $250.00 |
| 8/6/2019 | Emails/TC w/GM (re: HISD non-compliance with revised ban); Email to Nichols (re: HISD non-compliance with revised ban) | 0.5 | $250.00 |
| 8/8/2019 | Emails to/from Nichols (re: HISD non-compliance with revised ban) | 1 | $500.00 |
| 8/12/2019 | Email to Nichols (re: HISD continued non-compliance with revised ban); research draft Emergency Motion to Enforce And For Sanctions) | 4.25 | $2,125.00 |
| 8/13/2019 | Draft/File Motion for Expedited Hearing and proposed Order | 0.5 | $250.00 |
| 8/16/2019 | Email to Court (re: 8/20/19 reply date re: Motion to Enforce) | 0.1 | $50.00 |
| 8/19/2019 | Review D's Response to Motion To Enforce; Research/draft Reply re: Motion to Enforce; T/C w/GM (re: Reply to Motion to Enforce); review 5th Cir briefing notice | 2.5 | $1,250.00 |
| 9/6/2019 | Review of record re: draft appeal | 5 | $2,500.00 |
| 9/7/2019 | Review of record and draft appeal | 6.5 | $3,250.00 |
| 9/8/2019 | Research and Draft appeal | 7.25 | $3,625.00 |
| 9/9/2019 | Research and Draft appeal | 8.5 | $4,250.00 |
| 9/10/2019 | Research and Draft appeal | 9.25 | $4,625.00 |
| 9/11/2019 | Research and Draft appeal | 11.5 | $5,750.00 |
| 9/16/2019 | Draft/Revise Appellant's Brief | 10.25 | $5,125.00 |
| 9/17/2019 | Draft/revise Appellant's Brief | 10.75 | $5,375.00 |
| 9/18/2019 | Draft/revise Appellant's Brief; draft Record Excerpts | 11.25 | $5,625.00 |
| 9/21/2019 | Review CA5 corrections and correct brief | 1.25 | $625.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 10/8/2019 | Review of D's Appellee's Brief; email to/from DH | 0.5 | $250.00 |
| 10/10/2019 | Review D's Appellee's Brief; research/draft Reply Brief | 10.5 | $5,250.00 |
| 10/11/2019 | Review D's Appellee's Brief; research/draft Reply Brief | 10.25 | $5,125.00 |
| 10/12/2019 | Research/Draft Reply Brief | 6.25 | $3,125.00 |
| 10/13/2019 | Research/Draft Reply Brief | 6.5 | $3,250.00 |
| 10/14/2019 | Research/Draft Reply Brief | 2.5 | $1,250.00 |
| 10/15/2019 | Research/Draft Reply Brief | 2.25 | $1,125.00 |
| 10/17/2019 | Revise Reply Brief | 2.75 | $1,375.00 |
| 10/18/2019 | Revise/File Reply Brief | 1 | $500.00 |
| 10/20/2019 | Preparation for oral argument(research re: "chilling" speech) | 0.75 | $375.00 |
| 10/30/2019 | Oral Argument preparation (DH; KH; MF) | 2.5 | $1,250.00 |
| 11/3/2019 | Preparation for oral argument (New Orleans) | 5.5 | $2,750.00 |
| 11/4/2019 | Preparation for oral argument (New Orleans CA5) | 9.5 | $4,750.00 |
| 11/5/2019 | Preparation for oral argument and oral argument; post-hearing updates w/GM, DH, et al | 8.5 | $4,250.00 |
| 11/6/2019 | Rule 28j letter to Court (re: HISD Board meeting; Oldham queries) | 1.5 | $750.00 |

| Date | Description | Hours | Amount |
|------|-------------|-------|--------|
| 11/25/2019 | Review CA5 decision; T/C w/Herlong re: decision; T/C w/Trachtenberg (re: decision); T/C w/client (re: decision); email decision to client; email to Nichols (re: motion for expedited hearing on PI hearing); draft Second Amended Complaint; Draft Motion for Leave to File Second Amended Complaint; Draft Amended Motion for PI; Draft Motion for Expedited Hearing re: second PI hearing; research re: mootness (capable of repetition) | 3.5 | $1,750.00 |
| 11/26/2019 | Research/Draft/File 2nd Amended Complaint; Motion for Leave to File 2nd Amended Complaint; Motion for Expedited Hearing; Amended Motion for PI; proposed Orders; emails to/from Nichols (re: conference on pleadings) | 5 | $2,500.00 |
| 11/27/2019 | Email to Court (re: hearing on Amended Motion for PI); T/C w/GM (updated re: status); review of Court's 11/27/19 Order; email to Herlong (re: status) | 1.25 | $625.00 |
| 11/30/2019 | Research/Draft 2nd Amended Motion for PI | 4.75 | $2,375.00 |
| 12/1/2019 | Research/Draft 2nd Amended Motion for PI and Declaration of GM; T/C w/GM (update re: status) | 6.25 | $3,125.00 |
| 12/2/2019 | Revise/Draft 2nd Amended Motion for PI; review Court Order granting motion for expedited hearing | 1.5 | $750.00 |
| 12/3/2019 | Emails to/from Nichols (re: settlement negotiations); emails to/from DH (re: settlement negotiations); T/C w/GM (re: hearing preparation; will email me documents re: attempts to go to campus); Email to Candice (re: exhibit book) | 1 | $500.00 |
| 12/6/2019 | Review HISD's Response; research Reply | 3.5 | $1,750.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 12/7/2019 | Research/Draft Reply to HISD's Response; emails to/from DH (re: Reply); email to Nichols (re: issue to be decided at 12/10/19 hearing); revise draft Reply | 5.5 | $2,750.00 |
| 12/8/2019 | Research/finalize Reply to HISD's Response | 2.5 | $1,250.00 |
| 12/9/2019 | Draft/File Issues For Adjudication; proposed Order (re: 2nd PI); Exhibit List; Witness List; review D's Exhibit List, Witness List, and Statement of Issues; Emails to/from Nichols (re: exhibits); mtg w/GM (re: hearing preparation; draft direct examination of GM; draft cross examination of Tonnis Hilliard; review our exhibits | 8 | $4,000.00 |
| 12/10/2019 | Preparation for 2nd  Amended PI hearing; 2nd Amended PI hearing; T/C w/Monroe (re: hearing assessment); meeting w/DH (re: hearing assessment) | 3 | $1,500.00 |
| 12/11/2019 | Review Court's Memorandum re: 2nd Amended PI; emails to/from Herlong (re: decision); T/C and text messages w/client (re: decision); research re: posting bond; research re: potential CA5 appeal; research re: "prevailing party" status under 42 USC 1988 | 4.5 | $2,250.00 |
| 12/12/2019 | Draft email to Nichols re: settlement and T/C w/DH (re: settlement proposal) | 1.25 | $625.00 |
| 12/19/2019 | Email to Nichols (re: Joint Case Management Plan) | 0.2 | $100.00 |
| 2/4/2020 | Draft CMP and email to Nichols | 0.5 | $250.00 |
| 2/6/2020 | Review Nichols' changes CMP; revise CMP; file revised CMP | 0.3 | $150.00 |
| 2/14/2020 | Rule 16 status conference  with Court; post-conference discussion with DH; post-conference T/C w/Monroe | 1.25 | $625.00 |
| 4/3/2020 | Receipt/review of D's Expert Witness disclosure | 0.1 | $50.00 |

| | | | |
|---|---|---|---|
| 4/5/2020 | Legal Research/Draft MSJ; email to D's Counsel (re: Plaintiff's attorney fees designation) | 5.9 | $2,950.00 |
| 4/6/2020 | Research/Draft MSJ | 4.5 | $2,250.00 |
| 4/8/2020 | Review Nichols' email and HISD letter to Monroe; T/C w/Herlong; T/C w/Monroe; draft/email to Nichols (response to letter); Legal research re: mootness/MSJ | 4.25 | $2,125.00 |
| 4/10/2020 | Review of 5th Circuit oral argument (re: Nichols' argument re: "derogatory" and "offensive") in preparation for MSJ/Mootness arguments | 0.5 | $250.00 |
| 4/11/2020 | Review transcript of 12/11/19 hearing and Revise draft of Motion for Partial MSJ | 3.75 | $1,875.00 |
| 4/12/2020 | Revise draft of Motion for Partial MSJ and draft proposed Order | 1.25 | $625.00 |
| 4/13/2020 | Revise MSJ; draft Motion to Exceed Briefing Page Limit (w/proposed Order); email to Nichols (re: confer re: Motion to Exceed) | 4.75 | $2,375.00 |
| 4/14/2020 | Revise MSJ | 1 | $500.00 |
| 4/15/2020 | Review HISD's response to Motion to Exceed Briefing Page limits; review of Nichols' related email; email to Dennis and T/C w/Dennis (re: HISD's response); email to Nichols (re: settlement) | 1.75 | $875.00 |
| 4/18/2020 | Draft Reply to HISD response to Motion to Exceed Briefing Page Limit; email to DH; review DH comments re: Motion to Exceed | 1 | $500.00 |
| 4/20/2020 | Legal research re: mootness and revise and file Reply to HISD response to Motion To Exceed Briefing Page Limit; email to DH | 1.25 | $625.00 |
| 4/28/2020 | Legal research re: mootness (5th Circuit recent opinion) and revise outline for MSJ reply brief | 0.5 | $250.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 5/11/2020 | Review D's Response to Motion for MSJ and legal research re: cases cited in Response | 3.5 | $1,750.00 |
| 5/12/2020 | Legal research re: mootness exceptions and draft MSJ Reply | 9.5 | $4,750.00 |
| 5/13/2020 | Draft and revise MSJ Reply | 5.75 | $2,875.00 |
| 5/14/2020 | Revise MSJ Reply and draft Declaration re: MSJ Reply | 5.25 | $2,625.00 |
| 6/30/2020 | Review D's Motion for Summary Judgment and research Reply | 1.25 | $625.00 |
| 7/3/2020 | Research/draft response to HISD's Motion for Summary Judgment; email to DH (re: Response to MSJ) | 5.25 | $2,625.00 |
| 7/4/2020 | Research/revise Response to HISD's MSJ | 1 | $500.00 |
| 7/6/2020 | Review/Revise Response to HISD's MSJ | 0.5 | $250.00 |
| 8/25/2020 | Email to Nichols (re: contacting Court re: case status) | 0.1 | $50.00 |
| 8/27/2020 | Email to Nichols (re: contacting Court re: JPTO/Docket call extension); Emails to/from Case Manager (Flores) re: case status | 0.3 | $150.00 |
| 8/31/2020 | Draft Joint Motion for Extension of JPTO/Docket Call; email to Nichols | 0.5 | $250.00 |
| 9/1/2020 | Review Nichols' revisions to draft Motion for Extension of JPTO/Docket Call; draft revised Joint Motion; draft proposed Order | 0.4 | $200.00 |
| 10/25/2020 | Legal research re: mootness | 0.4 | $200.00 |
| 11/26/2020 | Review of USCT decisions re: mootness | 0.5 | $250.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 2/12/2021 | Preparation for Status Conference w/Court; attend Status Conference; T/C w/DH and CO (post-conference) | 1.5 | $750.00 |
| 2/13/2021 | Research/draft settlement proposal to Nichols; transmit draft settlement proposal to Herlong (for review/comment); revise settlement proposal and transmit to Nichols | 1.5 | $750.00 |
| 2/23/2021 | Draft Status Update and emails to/from Nichols (re: Status Update) | 0.6 | $300.00 |
| 2/24/2021 | Review/Revise Court Status Update | 0.5 | $250.00 |
| 3/8/2021 | Research re: SCT decision in *Uzuegbunam* and draft/file Supplemental Legal Authority | 0.75 | $375.00 |
| 3/11/2021 | Review of HISD's letter; emails to Herlong; review of District Court's Memorandum/Order denying MSJ; research re: Motion for Reconsideration | 3.25 | $1,625.00 |
| 3/15/2021 | Research/draft Motion for Reconsideration; draft proposed Order; email to Herlong | 6.25 | $3,125.00 |
| 4/1/2021 | Review HISD's response to Motion for Reconsideration | 0.25 | $125.00 |
| 4/5/2021 | Research/draft Reply to HISD's response | 0.5 | $250.00 |
| 4/16/2021 | Draft/transmit to Nichols unopposed motion for extension of JPTO | 0.5 | $250.00 |
| 4/19/2021 | Review of Court's Order denying Motion for Reconsideration; email to/from Herlong; research re: cases cited in Court's Order and re: direct and interlocutory appeal | 3.5 | $1,750.00 |
| 4/20/2021 | Legal research re: direct/ interlocutory appeal; draft/transmit email to Nichols (re: interlocutory appeal) | 3 | $1,500.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 4/27/2021 | Research/draft Motion To Certify Interlocutory Appeal; email to Nichols; review of Nichols' email (re: interlocutory appeal) | 5.25 | $2,625.00 |
| 4/28/2021 | Research/Revise Motion To Certify Interlocutory Appeal; draft proposed Order re: Interlocutory Appeal; T/C with and email to Herlong (re: Motion for Interlocutory Appeal) | 4.75 | $2,375.00 |
| 5/11/2021 | Review of HISD's Response to Motion To Certify Interloc Appeal | 0.25 | $125.00 |
| 5/12/2021 | Research/draft Reply to HISD Response to Motion To Certify Interloc Appeal | 2.5 | $1,250.00 |
| 6/16/2021 | Email to Nichols/Karson (re: JPTO) | 0.1 | $50.00 |
| 6/17/2021 | Review Nichols/Thompson email re: JPTO; email to Nichols/Thompson (re: JPTO scheduling; withdrawal of jury demand) | 0.1 | $50.00 |
| 6/18/2021 | 6/18/21: Review Thompson email re: jury demand withdrawal; email to Nichols/Thompson (re: jury demand withdrawal; JPTO); research/draft Notice of Withdrawal of Jury Demand; emails to/from Herlong (re: jury demand withdrawal); research/draft JPTO, Trial Memorandum, Findings of Fact/Conclusions of Law | 6.5 | $3,250.00 |
| 6/19/2021 | Research/Draft Findings of Fact and Conclusions of Law; Research/Draft Trial Memorandum | 4.25 | $2,125.00 |
| 6/20/2021 | Research/Draft JPTO and Witness List | 2.25 | $1,125.00 |
| 6/21/2021 | Research/revise JPTO (re: jury demand) | 0.75 | $375.00 |
| 6/22/2021 | Research/draft Notice of Withdrawal of Claim for Monetary Damages | 1 | $500.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 6/23/2021 | Review HISD's revisions to JPTO; draft revisions to HISD's revised JPTO; research re: mootness | 3 | $1,500.00 |
| 6/24/2021 | Research/Revise HISD's draft JPTO; emails to and from Herlong/Thompson (re:JPTO) | 3.25 | $1,625.00 |
| 6/25/2021 | Review/revise JPTO filings (Trial Memorandum; Findings of Fact/Conclusions of Law); review HISD's exhibit and witness lists | 6.25 | $3,125.00 |
| 7/16/2021 | Prepare for docket call and attend docket call; post-docket call meeting with Herlong | 1.5 | $750.00 |
| 7/17/2021 | Research and prepare for deposition of Dr. Allen | 2.5 | $1,250.00 |
| 7/22/2021 | Preparation for Dr. Allen's deposition and deposition of Dr. Allen; preparation of Second Amended Exhibit List; email to Nichols; T/C w/Monroe (re: status) | 3.5 | $1,750.00 |
| 7/25/2021 | Draft direct examinations of Monroe, Allen, and Salazar | 2.5 | $1,250.00 |
| 7/26/2021 | Preparation for trial; Trial; post-trial conferences with Herlong and Monroe; research and draft Supplemental Authorities | 11.5 | $5,750.00 |
| 7/27/2021 | Revise Supplemental Authorities and file; review HISD's response to Supplemental authorities and research authorities cited therein | 2.5 | $1,250.00 |
| 8/4/2021 | Review Court's Memorandum and Opinion; research cases cited in Memorandum; emails to/from Herlong; email to Monroe | 1.75 | $875.00 |
| 8/13/2021 | Review Nichols' email (re: attorney's fees); email to Nichols (re: attorney's fees status) | 0.25 | $125.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 8/16/2021 | Review/redact fee/expense application and email to Nichols; emails to/from Herlong (re: fee application) | 1 | $500.00 |
| 9/2/2021 | Research and draft Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses (including Declaration of Scott Newar) | 10.25 | $5,125.00 |
| 9/3/2021 | Research, draft, and edit Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses (including Declaration of Scott Newar and proposed Order) | 4.75 | $2,375.00 |
| | **Total Hours:** 569.25 | **Total:** | $284,625.00 |

Candice O'Brien (paralegal) time: *$100*

| Date | Description | Hours | Amount |
|---|---|---|---|
| 6/4/2019 | Exhibits for First Amended Complaint and efiling | 2 | $200.00 |
| 6/9/2019 | Production in Monroe | 1.75 | $175.00 |
| 6/10/2019 | Subpoenas | 3 | $300.00 |
| 6/14/2019 | Prepare and file motion for Expedite Hearing | 2.5 | $250.00 |
| 6/17/2019 | Prepare TOA, TOC and Exhibits Memorandum | 4 | $400.00 |
| 6/18/2019 | Emails with easy-serve and subpoena updates; Edit Memorandum | 2.25 | $225.00 |
| 6/19/2019 | Format Preliminary Injunction, combine/prepare Exhibits, and e-filing | 3.5 | $350.00 |
| 6/20/2019 | Edit Exhibit List and Exhibits ; Prepare Subpoena for Boykins | 3 | $300.00 |
| 6/21/2019 | Correspondence with court; Prepare subpoena: Jones; Prepare/combine exhibits | 3.5 | $350.00 |
| 6/22/2019 | Prepare for hearing | 3.25 | $325.00 |
| 6/23/2019 | Prepare for hearing | 4.5 | $450.00 |
| 6/24/2019 | Prepare for hearing | 8 | $800.00 |

| | | | |
|---|---|---|---|
| 7/1/2019 | Prepare for hearing | 1.5 | $150.00 |
| 9/17/2019 | Prepare/edit 5th circuit brief | 5.5 | $550.00 |
| 9/18/2019 | Prepare/edit brief, efiling | 4 | $400.00 |
| 9/19/2019 | E-filing Brief edits | 2.5 | $250.00 |
| 9/23/2019 | Corrected brief | 2 | $200.00 |
| 9/24/2019 | Brief revisions | 1.5 | $150.00 |
| 9/25/2019 | Discovery Services: Brief | 4.5 | $450.00 |
| 10/14/2019 | TOA Brief | 1.5 | $150.00 |
| 10/15/2019 | Prepare TOA, TOC and Exhibits for Brief | 1.5 | $150.00 |
| 10/16/2019 | Prepare TOA, TOC and Exhibits for Brief | 1 | $100.00 |
| 10/17/2019 | Prepare TOA, TOC and Exhibits for Brief | 1 | $100.00 |
| 10/18/2019 | Prepare TOA, TOC and Exhibits for Brief | 2.5 | $250.00 |
| 10/20/2019 | Reply brief print job | 1 | $100.00 |
| 10/21/2019 | Prep mach hearing | 0.5 | $50.00 |
| 12/1/2019 | Second Amended Motion TOA/TOC Declaration | 4 | $400.00 |
| 12/2/2019 | Edit Brief; Filing | 3.5 | $350.00 |
| 12/3/2019 | Hearing Prep | 2 | $200.00 |
| 12/7/2019 | Hearing Prep | 3.5 | $350.00 |
| 12/8/2019 | Hearing Prep | 4.5 | $450.00 |
| 12/9/2019 | Hearing Prep | 3.5 | $350.00 |
| 12/10/2019 | Hearing Prep and attendance | 4 | $400.00 |
| 2/6/2020 | E-filing with exhibits | 0.5 | $50.00 |
| 2/18/2020 | Prepare fees | 8 | $800.00 |
| 4/7/2020 | Extract ROA | 2.5 | $250.00 |

| Date | Description | Hours | | Amount |
|---|---|---|---|---|
| 4/8/2020 | Format MSJ draft | 5 | | $500.00 |
| 4/10/2020 | MSJ Formatting | 3.5 | | $350.00 |
| 4/13/2020 | TOA/TOC Monroe Reply | 5 | | $500.00 |
| 4/14/2020 | TOA/TOC MSJ and e-file Motion to exceed page limits | 4 | | $400.00 |
| 4/20/2020 | E-file MSJ final | 1.5 | | $150.00 |
| 7/6/2020 | Format/e-file Monroe Response | 1 | | $100.00 |
| 6/25/2021 | Formatting and e-filing trial pleadings | 8 | | $800.00 |
| 7/22/2021 | Amended Exhibit list; Deposition of Dr. Allen | 3 | | $300.00 |
| 7/23/2021 | Trial Prep | 6 | | $600.00 |
| 7/24/2021 | Trial Prep | 6 | | $600.00 |
| 7/25/2021 | Trial Prep | 9 | | $900.00 |
| 7/26/2021 | Trial | 6.5 | | $650.00 |
| 8/12/2021 | Fee/Expense Calculation | 3 | | $300.00 |
| 8/13/2021 | Fee/Expense Calculation | 3.5 | | $350.00 |
| 8/16/2021 | Fee/Expense Calculation | 2.5 | | $250.00 |
| 9/3/2021 | Prepare and file the Motion for Attorneys' Fees | 2 | | $200.00 |
| | **Total Hours:** | 177.25 | **Total:** | $17,725.00 |

| Expenses: | | | | |
|---|---|---|---|---|
| 6/13/2019 | District Court Filing Fee | | | $450.00 |
| 6/21/2019 | Subpoena's: Cambell-Rhode and Guillory | 2 | $149.50 | $299.00 |
| 6/21/2019 | Easy-Serve: Subpoena's for Boykins and Jones | | $357.36 | $357.36 |
| 8/9/2019 | Transcript fee re: appellate record (Kathy Metzger) | | | $679.00 |
| 10/1/2019 | Discovery Servies: Monroe Brief | | | $410.59 |

| Date | Description | Amount |
|---|---|---|
| 10/18/2019 | 5th Circuit filing fee | $505.00 |
| 11/8/2019 | Discovery Services: Monroe Brief | $133.02 |
| 4/11/2020 | Payment to court reporter for transcript of 12/10/19 Preliminary Injunction hearing | $343.10 |
| 7/22/2021 | Deposition of Dr. Patrica Allen | $597.27 |
| 7/25/2021 | Trial Expenses:  Trial binders, tabs and copying | $70.00 |
| | **Total:** | $3,844.34 |

| Total Invoice Amount: | $306,194.34 |
|---|---|

Tax ID Number
76-0693442